## LIABILITY OF FLORISTS' STOCK FOR TAXATION.

Common Pleas Court of Clark County.

RALPH B. MILLER, TREASURER, v. THE GEORGE H. MELLEN CO.

Decided, September 2, 1913.

*Taxation—Plants and Floral Stock Constitute a "Growing Crop"—No Implied Exemption in Ohio of Personal Property from Taxation—Section 5560.*

1. Growing plants and growing floral stock comprising the stock of a florist and raised in earth and soil in greenhouses, either in benches or in pots or other receptacles therein, filled with earth and soil and cultivated and cared for in order to be brought to sale, constitute a "growing crop."

2. The provision of Section 5560, General Code, that in assessing real estate for taxation the valuation shall be made, "excluding the value of the crops growing thereon," neither classifies such crops as either real or personal property, or exempts or excludes them from taxation.

3. Growing crops are sometimes considered in law as personalty, and sometimes as partaking of the nature of realty.

4. Growing plants and floral stock, cultivated for the purpose of sale, and which the owner treats as merchandise, to be sold to whomsoever may apply, are personal property and subject to be returned and taxed as such under the provisions of Sections 5325, 5328 and 5376, General Code.

5. All personal property in Ohio is subject to taxation, except such as is expressly exempted, and no implied exemption or exclusion from taxation can be read into a statute.

6. The Constitution of Ohio requires the Legislature to pass laws providing for the taxation of all property in the state, and the Legislature having acted in pursuance of such requirement, the courts will not presume that it has failed to include in such taxation any class or species of property, either through oversight or by design.

*Chas. E. Ballard,* Prosecuting Attorney, and *Lawrence E. Laybourne,* for plaintiff.

*Edwin S. Houck* and *Martin & Martin,* contra.

JONES, J.

The plaintiff filed his petition as treasurer of Clark county, seeking to recover a judgment against the defendant for certain personal taxes charged against it on the tax duplicate, and remaining unpaid.

The answer of the defendant in full, is as follows:

"Now comes the George H. Mellen Company, the defendant herein, and says that it is a corporation, duly organized under the laws of the state of Ohio, for the purpose, among other things, of growing, dealing in and selling plants and floral stock of all kinds, and having its principal place of business in the city of Springfield in said state.

"Answering the petition of plaintiff herein, said defendant admits:

"That plaintiff was, at the time of filing said petition, and still is, the duly elected, commissioned, qualified and acting treasurer of Clark county, Ohio.

"That personal taxes, to the amount of $272.18, for the years 1907 and 1908, stand charged against this defendant, on the duplicate of taxes of said county, placed in the hands of plaintiff, for collection, by the auditor of said county.

"And that said taxes are unpaid.

"Further answering said petition, this defendant says:

"That all of the property, on which the taxes aforesaid, for the years aforesaid, were levied and charged against this defendant, consisted of growing plants and growing floral stock, which, on the respective days of each of said years, as of which taxes on personal property were levied, to-wit, on the day preceding the second Monday of April of each of said years, were attached to, inhered and were growing in earth and soil in greenhouses, either in benches or in pots or other receptacles therein, filled with earth and soil, designed and used exclusively for raising and growing therein plants and other floral stock, and that all of the property aforesaid, sought to be taxed as aforesaid, was, on the dates aforesaid and for varying periods thereafter, accordingly as it matured and was removed, from said soil, for transplanting or for sale and delivery, a growing crop and not subject to taxation under the laws of the state of Ohio.

"That the board of review of the city of Springfield, in said Clark county and state of Ohio, against the protest of this defendant and without its consenting thereto in any wise, added the property aforesaid, for the years aforesaid, to the returns of personal property, in said city of Springfield, of this defendant, for said respective years.

"That said board of review, arbitrarily and without warning of fact or law, valued said property, for the year, 1907, at $5,180, and for said year, 1908, at $5,000, and added said respective amounts to said returns of personal property, of this defendant, for said respective years.

"That said sum, sued for by plaintiff herein, is made up entirely of the taxes on said added amounts for said respective years.

"And that defendant denies each and every other allegation of said petition not herein specifically admitted or denied."

To this answer the plaintiff filed a motion to require the defendant to separately state and number its defenses, and immediately thereafter filed a general demurrer.

Counsel for plaintiff have stated that they are not specially insistent on the motion, and the court regards the answer as really stating but one defense. While it is averred that the valuation of the property for taxation was made arbitrarily and without warrant of fact or law, there is no distinct averment that such valuation is in excess of the real value of the property, and there is no averment of any element of fraud in the action of the board, so the court is inclined to treat the averment just referred to, rather as a conclusion drawn from the facts previously recited, than as a separate defense; a position which seems to be in accord with the argument. The motion will therefore be overruled, and the court will proceed to consider the demurrer.

The position taken by the defendant is:

1st. The property covered by this assessment is a growing crop.

2d. Growing crops are not subject to taxation under the laws of Ohio.

That is to say that even if this class of property has not by legislation been expressly exempted from taxation, yet on the other hand no legislation has ever been enacted making it so subject. It is further said that while the Constitution provides that laws shall be passed taxing all property, yet the provision is not self-executing, and that the Legislature, whether by oversight or by design, has omitted to enact any statute that provides for the taxation of a growing crop.

On behalf of the plaintiff it is argued that even if a florist's stock be regarded as a growing crop, it is personal property, as defined by Section 5325, which includes "every tangible thing being the subject of ownership, whether being animate or

inanimate, other than money, and not forming part of a parcel of real estate," and as such it is subject to taxation under the sweeping provisions of Section 5328, General Code, which makes all personal property in the state subject to taxation, except such as is *"expressly exempted therefrom."*

While it is not customary to speak of plants, shrubs and flowers as "crops," growing or otherwise, yet on consideration there seems to be no reason why they should not be so classified. Such articles in a florist's stock are the product of what is planted in the ground, and become the subject of man's cultivation and labor and skill. They grow in and derive sustenance from the earth, whether the earth remains in its natural location, or is placed in boxes, pots or other receptacles. True the courts have usually employed the term "annual" products, in defining crops, but as is pointed out in defendant's brief, such a limitation is too narrow, as there are at least some crops that do not mature in a single year, and in certain localities more than a single crop may possibly be produced in the same year. This court is therefore ready to adopt the argument of defendant's counsel, that a florist's stock may be classified as a "growing crop."

Much stress is laid on the provision of Section 5560, General Code, that "each separate parcel of real property shall be valued at its true value in money, *excluding the value of the crops growing thereon."*

This is a plain and peremptory direction of the assessing officers? Does it imply any meaning further than it carries on its face? Does it seek to classify growing crops as either real or personal property, or by any implication to exclude them as subjects for taxation?

As to any classification the Supreme Court has not thought of considering this provision as having such effect. Indeed that court has held that growing crops are sometimes considered as personalty and sometimes as partaking of the nature of realty. See *Baker* v. *Jordan,* 3 O. S., 438; *Youmans* v. *Caldwell,* 4 O. S., 72; *Herron* v. *Herron,* 47 O. S., 544.

Among other attributes of personalty it is established that they are subject to levy and sale on execution, and that on a con-

veyance of realty they may pass or be reserved by parole agreement.

Mr. Freeman, in his work on Executions, says:

"Section 113. The decisions holding certain crops to be personal estate and therefore subject to execution have generally embraced nothing beyond those crops, which, being sown or planted are capable of reaching perfection within one year. But we think that a crop which could not reach perfection in less than two or three years would also be personal property, if its growth can be regarded as chiefly attributable to the skill and labor of the owner. We think too, that the purpose for which the product is cultivated may be taken into consideration in determining its character as real or personal estate. Thus, fruit trees planted in an orchard to permanently enhance the value of the real estate ought to be regarded in a very different light from trees growing in a nursery for the purpose of sale, and which the owner treats as merchandise to be sold to whomsoever may apply."

This language is appropriate to the discussion of more than one phase of the present case.

It seems to the court that the object of the Legislature in excluding the value of growing crops from the assessment of real estate for taxation is quite obvious, and is in accord with justice and common sense. At the time that the original of Section 5560, General Code, was enacted real estate was only appraised for taxation once in ten years, and the valuation once made stood unchanged for the whole of the decennial period. Even now the valuation stands for four years before a re-appraisement is had. It is perfectly apparent that it might happen that at the date of appraisement the value of the growing crop might be large, small, or possibly there might be no crop at all, and that it would be unjust and absurd to enhance or diminish the value of the ground for the succeeding nine or three years as the case might have been, while the condition might change from year to year. The real estate owner who happened to have a promising crop at the time of appraisement would have to pay an increased tax for a succeeding period of years in which he might have poor crops, or even plant no crop at all, while the owner who had no crop at all at the appraisement period, would profit at the expense of the state during successive years of profitable

cultivation of the same land.   In adopting this part of the statute the court thinks that the Legislature had no other object in view than that indicated, and in view of the provision of Section 5328, General Code, which requires the exemption from taxation to be *express,* the court does not think that any exemption can be·read into Section 5560 by implication.

But it is said that growing crops have never been taxed in this state.   If they are proper subjects of taxation, the failure of the owners to return them, or of the taxing authorities to require them to be returned, however long continued, does not transfer them to the exempted list.   In other words it might be said that immunity from taxation can not be acquired by prescription.

But there is probably a very good reason for the fact referred to (assuming it to be the case) and one which does not reflect upon the good conscience of either the taxpayer or the assessor. Returns of personal property for taxation are made in Ohio between the second Monday in April and the third Monday in May—usually near the first part of the period, and covering the property owned at the first mentioned date.   On the second Monday in April it would be impossible to say within any certainty, at least as to the great majority of crops, whether they ever would have any value; to be sure whether they had commenced to germinate.   Sometimes they might not then even be sown.   Many conditions might attend the advancing season that would affect the growing crop, and its value, when just sown, can hardly be said to be anything more than speculative. If personal property had to be returned for taxation in June or July it is highly probable that growing crops would cut quite a figure in the list.

It is said the taxing period comes at a time when florist's stocks are large, and a hardship is thereby worked upon them. This may be true but the same might be said of any property owner who has a more than ordinarily large amount of personalty in his hands on the return day.

It is well known that the business of raising and selling plants and flowers is often carried on upon a large scale, and often in a profitable manner.   The florist, like other business men, engages in his occupation to supply a public demand for certain

articles that gratify the eye and the sense of beauty, and he does so with the object of reaping a profit. No apparent reason exists why the Legislature should intend to exempt his wares from taxation, or why they should be exempted, any more than the merchandise of any kind in which anyone else trafficks as a means of livelihood and profit. Nor is it claimed by the defendants that such reason exists—it should be said to prevent what might seem a possible reflection upon them, that they are not here claiming that they should be a privileged class, but simply that under the existing law they are not required to pay taxes on their stock.

This court thinks that there is sufficient authority under the provisions of Section 5376, General Code, for the listing of this stock for taxation as personalty, and that considering it as a growing crop it is neither exempt from taxation, or unincluded in the legislative provision as to what shall be taxed.

In conclusion it may be added in view of the constitutional mandate requiring the Legislature to pass laws providing for the taxation of all property, and the comprehensive language of the statutes enacted in compliance with that enactment, that the court will be slow to presume that the legislative body either intentionally ignored the constitutional requirement as to one certain class of property, or failed in its duty by oversight or negligence. It would seem that one of these presumptions must be entertained, if it be held, either that the Legislature has exempted this class of property from taxation directly, or has made no provision by which it could be taxed. And as the exemption would have to be express, and no express exemption exists, then in the absence of such express exemption the property in question can not escape taxation.

Counsel have presented the case in a very able and interesting manner, which is duly appreciated. They frankly say that they are unable after much research to find any reported case which would be of any particular aid as a precedent or as having persuasive force, nor has the court been able, after a good deal of labor, to find other authorities that might have aided it. The court however has concluded that a proper solution of the questions presented can be reached by an examination of the

statutes themselves, with some little additional sidelights from the few authorities heretofore referred to.

For the reasons heretofore given the demurrer to the answer is sustained.